PKC:STM
F.# 2006R00790

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - X

UNITED STATES OF AMERICA

    - against -

TAE HOON KIM,
    also known as "Tae Won,"
SUNG CHUL IL,
    also known as "Song Chul Lim"
    and "Cheol-i,"
SUNG HO LEE,
TAEHO CHOI,
DO HYUP BAE,
KYONG POLACHEK,
    also known as "Ji-Yeon Kim,"
    "Jennifer" and
    "Hana,"
BYOUNG IL SON,
MIAE SON,
JIN SOOK KIM LEE and
JONG TAE PARK,

          Defendants.


- - - - - - - - - - - - - - X

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★ SEP 18 2006 ★

BROOKLYN OFFICE

S U P E R S E D I N G
I N D I C T M E N T

Cr. No. 06-605 (S-1)(CBA)
(T. 8, U.S.C., §§
1324(a)(1)(A)(iv), and
1324(a)(1)(B)(ii); T. 18,
U.S.C., §§ 371,
1591(b)(2), 1594(a),
1960(a), 2421, 2 and 3551
et seq.)

THE GRAND JURY CHARGES:

## INTRODUCTION

    At all times relevant to this Indictment:

A.    The Brothel Network

        1.    The defendants TAE HOON KIM, also known as "Tae

Won," SUNG CHUL IL, also known as "Sung Chul Lim" and "Cheol-i," SUNG HO LEE, TAEHO CHOI, DO HYUP BAE and KYONG POLACHEK, also known as "Ji-Yeon Kim," "Jennifer" and "Hana," were involved in the operation of a network of over 25 Korean-owned brothels that were located throughout the northeastern part of the United States, including New York, Massachusetts, Rhode Island, Connecticut, Pennsylvania, Maryland, Virginia and the District of Columbia.  Several of these brothels were located in Queens, New York.

2.    The brothels, which were operated under the cover of legitimate businesses such as health spas and acupuncture clinics, typically employed between two and eight prostitutes and a manager, who was sometimes also the owner of the brothel.  Some of the brothels also had cooks.  The majority of the women who worked at the brothels, whether as prostitutes, managers or cooks, were Korean nationals who had entered the country on tourist visas.  Many of these women continued to remain in the United States and work at the brothels after their visas had expired.

3.    At the center of the brothel network was a group of Korean middlemen based in Queens, New York, who, among other things:  i) arranged for prostitutes and other workers to be placed at brothels within the network; ii) transported the

brothel workers to brothels in and between different states; and iii) picked up women at local airports upon their arrival from Korea and transported them either to brothels or resting houses where the women would live for short periods of time before being transported to brothels.

4.   Brothel owners and managers regularly contacted the middlemen to request prostitutes and other workers.  The brothel owners and managers frequently sought women with certain physical attributes, such as being younger or taller or having large breasts.  Some owners or managers wanted only women with legal immigration status; others knowingly employed illegal aliens.  At the same time, workers contacted the middlemen to find employment and to determine which brothels would best suit them in terms of income, customers, visa or passport requirements, and appearance.  Prostitutes could make as much as $15,000 to $20,000 per month at the larger brothels.  The owners of the larger brothels could make as much as $4,000 per day.

5.   The middlemen maintained a large network of information as they were in constant communication with numerous brothel owners and workers in various states.  The middlemen made money primarily by transporting workers to the brothels for a "taxi fee," which typically ranged from $100 to $550.

B.   The Unlicensed Money Transmitting Businesses

6.   The term "unlicensed money transmitting business" was defined in Title 18, United States Code, Section 1960(b)(1)(A) to include any money transmitting business that affected interstate or foreign commerce in any manner or degree and that was operated without an appropriate money transmitting license in a State where such operation was punishable as a misdemeanor or a felony under State law, regardless of whether the operator knew that the operation was required to be licensed or that the operation was so punishable.

7.   The term "money transmitting" was defined in Title 18, United States Code, Section 1960(b)(2) to include transferring funds on behalf of the public by any and all means including but not limited to transfers within the country or to locations abroad by wire, check, draft, facsimile, or courier.

8.   Pursuant to New York State Banking Law Section 650(2)(a), the operation of an unlicensed money transmitting business was punishable as a misdemeanor; pursuant to New York State Banking Law Section 650(2)(b)(1), the operation of an unlicensed money transmitting business was punishable as a felony if the business received $10,000 or more for transmission in a single transaction, $25,000 or more for transmission in a period

of thirty days or less, or $250,000 or more for transmission in a period of a year or less.

9.   The defendants BYOUNG IL SON and his wife, MIAE SON, operated an unlicensed money transmitting business, which transmitted large sums of money from the United States to Korea for a fee.

10.   The defendants TAE HOON KIM, also known as "Tae Won," and his wife, JIN SOOK KIM LEE, assisted BYOUNG IL SON and MAIE SON in the operation of their unlicensed money transmitting business by, among other things, soliciting brothel owners and prostitutes as money transmitting customers, and collecting and delivering brothel owners' and prostitutes' money to the SONs for transmission overseas.  TAE HOON KIM, also known as "Tae Won," and JIN SOOK KIM LEE typically received a fee of at least $50 from the brothel owners or prostitutes for delivering the monies to the SONs.

11.   In or about May 2006, JONG TAE PARK arranged for TAE HOON KIM, also known as "Tae Won," to begin working with a second unlicensed Korean money transmitter (the "Money Transmitter").  In exchange for bringing customers and delivering money to the Money Transmitter, TAE HOON KIM was promised a portion of the transmitting fee paid by the customer.

## COUNT ONE
### (Mann Act Conspiracy)

12.   Paragraphs 1 through 11 are realleged and incorporated as if fully set forth in this paragraph.

13.   In or about and between February 2006 and August 2006, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants TAE HOON KIM, also known as "Tae Won," SUNG CHUL IL, also known as "Sung Chul Lim" and "Cheol-i," SUNG HO LEE, TAEHO CHOI, DO HYUP BAE and KYONG POLACHEK, also known as "Ji-Yeon Kim," "Jennifer" and "Hana," together with others, did knowingly and willfully conspire to transport individuals in interstate and foreign commerce with intent that such individuals engage in prostitution, in violation of Title 18, United States Code, Section 2421.

14.   In furtherance of the conspiracy and to effect its objectives, within the Eastern District of New York and elsewhere, the defendants TAE HOON KIM, also known as "Tae Won," SUNG CHUL IL, also known as "Sung Chul Lim" and "Cheol-i," SUNG HO LEE, TAEHO CHOI, DO HYUP BAE, and KYONG POLACHEK, also known as "Ji-Yeon Kim," "Jennifer" and "Hana," together with others, committed and caused the commission of, among others, the following:

<u>OVERT ACTS</u>

      a.   On or about February 18, 2006, the defendant SUNG HO LEE transported a prostitute to the "Magic" brothel in Connecticut.

      b.   On or about February 23, 2006, the defendant TAE HOON KIM arranged for a woman, who was flying from Los Angeles, California to Washington, D.C. that day, to work at the "Dupont" brothel in Washington, D.C.

      c.   On or about March 31, 2006, the defendant TAE HOON KIM instructed the defendant SUNG HO LEE to charge brothel workers $1,000 to $1,300 for transporting them to South Carolina.

      d.   On or about April 13, 2006, the defendant SUNG CHUL IL transported a prostitute to a brothel in Connecticut.

      e.   On or about April 14, 2006, the defendant TAE HOON KIM directed the defendant SUNG HO LEE to transport a prostitute from a motel in Flushing, New York to the "Liberty" brothel in Connecticut.

      f.   On or about May 9, 2006, the defendant TAEHO CHOI transported a prostitute to the "Nirvana" brothel in Connecticut.

      g.   On or about May 11, 2006, the defendants TAE HOON KIM and DO HYUP BAE agreed that they would raise their taxi fee by $50.

      h.   On or about May 12, 2006, the defendant KYONG

POLACHEK asked the defendant TAE HOON KIM to find a prostitute for her recently opened brothel in Flushing, New York.

(Title 18, United States Code, Sections 371 and 3551 et seq.)

### COUNT TWO
#### (Mann Act Violation - TAE HOON KIM)

15.    Paragraphs 1 through 11 are realleged and incorporated as if fully set forth in this paragraph.

16.    In or about and between February 2006 and August 2006, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendant TAE HOON KIM, also known as "Tae Won," together with others, did knowingly and intentionally transport individuals in interstate and foreign commerce with intent that such individuals engage in prostitution.

(Title 18, United States Code, Sections 2421 and 3551 et seq.)

### COUNT THREE
#### (Mann Act Violation - SUNG CHUL IL)

17.    Paragraphs 1 through 11 are realleged and incorporated as if fully set forth in this paragraph.

18.    In or about and between February 2006 and August 2006, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendant SUNG

CHUL IL, also known as "Sung Chul Lim" and "Cheol-i," together with others, did knowingly and intentionally transport individuals in interstate and foreign commerce with intent that such individuals engage in prostitution.

(Title 18, United States Code, Sections 2421 and 3551 et seq.)

### COUNT FOUR
(Mann Act Violation - SUNG HO LEE)

19.    Paragraphs 1 through 11 are realleged and incorporated as if fully set forth in this paragraph.

20.    In or about and between February 2006 and August 2006, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendant SUNG HO LEE, together with others, did knowingly and intentionally transport individuals in interstate and foreign commerce with intent that such individuals engage in prostitution.

(Title 18, United States Code, Sections 2421 and 3551 et seq.)

### COUNT FIVE
(Mann Act Violation - TAEHO CHOI)

21.    Paragraphs 1 through 11 are realleged and incorporated as if fully set forth in this paragraph.

22.    In or about and between February 2006 and August 2006, both dates being approximate and inclusive, within the

10

Eastern District of New York and elsewhere, the defendant TAEHO

CHOI, together with others, did knowingly and intentionally

transport individuals in interstate and foreign commerce with

intent that such individuals engage in prostitution.

(Title 18, United States Code, Sections 2421 and 3551

et seq.)

COUNT SIX
(Mann Act Violation – DO HYUP BAE)

23.   Paragraphs 1 through 11 are realleged and

incorporated as if fully set forth in this paragraph.

24.   In or about and between February 2006 and August

2006, both dates being approximate and inclusive, within the

Eastern District of New York and elsewhere, the defendant DO HYUP

BAE, together with others, did knowingly and intentionally

transport individuals in interstate and foreign commerce with

intent that such individuals engage in prostitution.

(Title 18, United States Code, Section 2421 and 3551 et

seq.)

COUNT SEVEN
(Attempted Sex Trafficking – DO HYUP BAE)

25.   Paragraphs 1 through 11 are realleged and

incorporated as if fully set forth in this paragraph.

26.   In or about June 2006, within the Eastern

District of New York and elsewhere, the defendant DO HYUP BAE did

knowingly and intentionally, in and affecting interstate and

foreign commerce, attempt to recruit, entice, harbor, transport,

provide and obtain by any means a person, knowing that the person

had not attained the age of 18 years and would be caused to

engage in a commercial sex act in furtherance of such violation

of law, in violation of Title 18, United States Code, Section

1591(a)(1).

       (Title 18, United States Code, Sections 1594(a),

1591(b)(2) and 3551 et seq.)

## COUNT EIGHT
(Conspiracy to Transport an Alien)

       27.   Paragraphs 1 through 11 are realleged and

incorporated as if fully set forth in this paragraph.

       28.   In or about and between February 2006 and August

2006, both dates being approximate and inclusive, within the

Eastern District of New York and elsewhere, the defendants TAE

HOON KIM, also known as "Tae Won," SUNG CHUL IL, also known as

"Sung Chul Lim" and "Cheol-i," SUNG HO LEE, TAEHO CHOI, DO HYUP

BAE and KYONG POLACHEK, also known as "Ji-Yeon Kim," "Jennifer"

and "Hana," together with others, knowing and in reckless

disregard of the fact that an alien had come to, entered and

remained in the United States in violation of law, did knowingly

and willfully conspire to transport and move such alien within

the United States by means of transportation or otherwise in furtherance of such violation of law, in violation of Title 8, United States Code, Section 1324(a)(1)(A)(ii).

29.   In furtherance of the conspiracy and to effect its objectives, within the Eastern District of New York and elsewhere, the defendants TAE HOON KIM, also known as "Tae Won," SUNG CHUL IL, also known as "Sung Chul Lim" and "Cheol-i," SUNG HO LEE, TAEHO CHOI, DO HYUP BAE, and KYONG POLACHEK, also known as "Ji-Yeon Kim," "Jennifer" and "Hana," together with others, committed and caused the commission of, among others, the following:

<u>OVERT ACTS</u>

a.   On or about February 23, 2006, the defendant TAE HOON KIM arranged for the defendant SUNG CHUL IL to drive a Korean woman, who was flying from Los Angeles, California to Washington, D.C., to a brothel in Washington, D.C.

b.   On or about April 14, 2006, the defendant TAE HOON KIM directed the defendant SUNG HO LEE to transport a Korean prostitute from a motel in Flushing, New York to the "Liberty" brothel in Connecticut.

c.   On or about May 9, 2006, the defendant TAEHO CHOI transported a Korean prostitute to the "Nirvana" brothel in Connecticut.

13

d.  On or about May 14, 2006, the defendant TAE HOON
KIM advised a prostitute to keep her illegal entry into the
United States secret from co-workers and the brothel owner at the
"VIP" brothel in Washington, D.C.

(Title 18, United States Code, Sections 371 and
3551 et seq.)

### COUNT NINE
(Conspiracy To Employ Aliens For the
Purpose Of Prostitution - TAE HOON KIM and KYONG POLACHEK)

30.  Paragraphs 1 through 11 are realleged and
incorporated as if fully set forth in this paragraph.

31.  In or about and between February 2006 and August
2006, both dates being approximate and inclusive, within the
Eastern District of New York and elsewhere, the defendants TAE
HOON KIM, also known as "Tae Won," and KYONG POLACHEK, also known
as "Ji-Yeon Kim," "Jennifer" and "Hana," together with others,
did knowingly and willfully conspire to keep, maintain, control,
support, employ, and harbor aliens in a house or other place for
the purpose of prostitution, in pursuance of illegal importation
of such aliens, in violation of Title 8, United States Code,
Section 1328.

32.  In furtherance of the conspiracy and to effect its
objectives, the defendants TAE HOON KIM, also known as "Tae Won,"
and KYONG POLACHEK, also known as "Ji-Yeon Kim," "Jennifer" and

"Hana," together with others, committed and caused the commission

of, among others, the following:

OVERT ACTS

a.   On or about March 4, 2006, the defendant KYONG

POLACHEK asked the defendant TAE HOON KIM to find a prostitute

for her brothel in Flushing, New York.

b.   On or about April 10, 2006, the defendant KYONG

POLACHEK requested that the defendant TAE HOON KIM find a

prostitute for a brothel in Connecticut.

c.   On or about April 25, 2006, the defendant KYONG

POLACHEK asked the defendant TAE HOON KIM whether any women were

available for her brothel.

d.   On or about May 12, 2006, the defendant KYONG

POLACHEK requested that the defendant TAE HOON KIM find a

prostitute for her brothel.

(Title 18, United States Code, Sections 371 and 3551 et

seq.)

COUNT TEN
(Encouraging an Alien to Reside in the
United States - KYONG POLACHEK)

33.   Paragraphs 1 through 11 are realleged and

incorporated as if fully set forth in this paragraph.

34.   In or about and between February 2006 and August

2006, both dates being approximate and inclusive, within the

Eastern District of New York and elsewhere, the defendant KYONG

POLACHECK, also known as "Ji-Yeon Kim," "Jennifer" and "Hana,"

together with others, knowingly and intentionally encouraged and

induced an alien to come to, enter and reside in the United

States, knowing and in reckless disregard of the fact that such

coming to, entry and residence was and would be in violation of

law.

      (Title 8, United States Code, Sections

1324(a)(1)(A)(iv) and 1324(a)(1)(B)(ii); Title 18, United States

Code, Sections 2 and 3551 et seq.)

COUNT ELEVEN
(Unlicensed Money Transmitting Conspiracy – TAE HOON KIM,
BYOUNG IL SON, MIAE SON and JIN SOOK KIM LEE)

      35.   Paragraphs 1 through 11 are realleged and

incorporated as if fully set forth in this paragraph.

      36.   In or about and between February 2006 and August

2006, both dates being approximate and inclusive, within the

Eastern District of New York and elsewhere, the defendants TAE

HOON KIM, also known as "Tae Won," BYOUNG IL SON, MIAE CHOI-SON

and JIN SOOK KIM LEE, together with others, did knowingly and

willfully conspire to conduct, control, manage, supervise, direct

and own all and part of an unlicensed money transmitting

business, which affected interstate and foreign commerce, in

violation of Title 18, United States Code, Section 1960(a).

37.    In furtherance of the conspiracy and to effect its objectives, within the Eastern District of New York and elsewhere, the defendants TAE HOON KIM, also known as "Tae Won," BYOUNG IL SON, MIAE CHOI-SON and JIN SOOK KIM LEE, together with others, committed and caused the commission of, among others, the following:

## OVERT ACTS

a.    On or about February 26, 2006, the defendant BYOUNG IL SON advised the defendant TAE HOON KIM that he had started an unlicensed money transmitting business.

b.    On or about April 21, 2006, the defendant BYOUNG IL SON instructed the defendant TAE HOON KIM to deliver money to SON's wife, the defendant MIAE SON, at a boutique next to the Korean restaurant "Northern Northern."

c.    On or about May 1, 2006, the defendant TAE HOON KIM instructed the defendant JIN SOOK KIM LEE to deliver money to the defendant BYOUNG IL SON for transmission to Korea.

d.    On or about May 1, 2006, the defendant JIN SOOK KIM delivered money to the defendant MIAE SON in Flushing, New York for transmission to Korea by the defendant BYOUNG IL SON.

e.    On or about May 3, 2006, the defendant TAE HOON KIM, on behalf of a Korean prostitute, facilitated the

transmission of approximately $9,000 from the United States to Korea.

(Title 18, United States Code, Sections 371 and 3551 <u>et</u> <u>seq</u>.)

COUNT TWELVE
(Unlicensed Money Transmitting - TAE HOON KIM,
BYOUNG IL SON, MIAE SON and JIN SOOK KIM LEE)

38.   Paragraphs 1 through 11 are realleged and incorporated as if fully set forth in this paragraph.

39.   In or about and between February 2006 and August 2006, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants TAE HOON KIM, also known as "Tae Won," BYOUNG IL SON, MIAE CHOI-SON and JIN SOOK KIM LEE, together with others, did knowingly and intentionally conduct, control, manage, supervise, direct and own all and part of an unlicensed money transmitting business, which affected interstate and foreign commerce.

(Title 18, United States Code, Sections 1960(a), 2 and 3551 <u>et</u> <u>seq</u>.)

COUNT THIRTEEN
(Unlicensed Money Transmitting Conspiracy -
TAE HOON KIM and JONG TAE PARK)

40.   Paragraphs 1 through 11 are realleged and incorporated as if fully set forth in this paragraph.

41.   In or about and between May 2006 and August 2006, both dates being approximate and inclusive, within the Eastern

District of New York and elsewhere, the defendants TAE HOON KIM, also known as "Tae Won," and JONG TAE PARK, together with others, did knowingly and willfully conspire to conduct, control, manage, supervise, direct and own all and part of an unlicensed money transmitting business, which affected interstate and foreign commerce, in violation of Title 18, United States Code, Section 1960(a).

42. In furtherance of the conspiracy and to effect its objectives, within the Eastern District of New York and elsewhere, the defendants TAE HOON KIM, also known as "Tae Won," and JONG TAE PARK, together with others, committed and caused the commission of, among others, the following:

<u>OVERT ACTS</u>

a. On or about May 12, 2006, the defendant JONG TAE PARK solicited the defendant TAE HOON KIM to work for an unlicensed Korean money transmitter (the "Money Transmitter").

b. The defendant TAE HOON KIM told the defendant JONG TAE PARK that he (KIM) would use the Money Transmitter for amounts over $5,000.

c. On or about May 12, 2006, the Money Transmitter and the defendant TAE HOON KIM discussed the operation of the Money Transmitter's business, including the method of transfer,

19

minimum transfer amount, fees and handling of money recipients

outside of Seoul, Korea.

       (Title 18, United States Code, Sections 371 and 3551 et

seq.)

                           A TRUE BILL

                                _Thomas M ____
                                 FOREPERSON

_Roslyn R. Mauskopf_
ROSLYNN R. MAUSKOPF
UNITED STATES ATTORNEY
EASTERN DISTRICT OF NEW YORK