PKC:STM
F.# 2006R00790

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★ OCT 3 0 2006 ★

BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - X

UNITED STATES OF AMERICA

    - against -

TAE HOON KIM,
    also known as "Tae Won,"
SUNG CHUL IL,
    also known as "Song Chul Lim"
    and "Cheol-i,"
SUNG HO LEE,
TAEHO CHOI,
BYUNG CHUL SHIN,
DO HYUP BAE,
KYONG POLACHEK,
    also known as "Ji-Yeon Kim,"
    "Jennifer" and
    "Hana,"
BYOUNG IL SON,
MIAE SON,
JIN SOOK KIM LEE and
JONG TAE PARK,

          Defendants.

- - - - - - - - - - - - - - - X

S U P E R S E D I N G
I N D I C T M E N T

Cr. No. 06-605 (S-2)(CBA)
(T. 8, U.S.C., §§
1324(a)(1)(A)(iv),
1324(a)(1)(B)(ii) and
1324(b); T. 18, U.S.C.,
§§ 371, 981(a)(1)(C),
982(a)(1), 982(a)(6),
982(b), 1591(b)(2),
1594(a), 1594(b),
1960(a), 2421, 2 and 3551
et seq.; T. 21, U.S.C.,
§ 853(p); T. 28, U.S.C.,
§ 2461(c))

THE GRAND JURY CHARGES:

## INTRODUCTION

    At all times relevant to this Superseding Indictment:

A.   The Brothel Network

      1.   The defendants TAE HOON KIM, also known as "Tae Won," SUNG CHUL IL, also known as "Sung Chul Lim" and "Cheol-i," SUNG HO LEE, TAEHO CHOI, BYUNG CHUL SHIN, DO HYUP BAE, and KYONG

POLACHEK, also known as "Ji-Yeon Kim," "Jennifer" and "Hana,"
were involved in the operation of a network of over 25 Korean-
owned brothels that were located throughout the northeastern part
of the United States, including New York, Massachusetts, Rhode
Island, Connecticut, Pennsylvania, Maryland, Virginia and the
District of Columbia.  Several of these brothels were located in
Queens, New York.

2.   The brothels, which were operated under the cover
of legitimate businesses such as health spas and acupuncture
clinics, typically employed between two and eight prostitutes and
a manager, who was sometimes also the owner of the brothel.  Some
of the brothels also had cooks.  The majority of the women who
worked at the brothels, whether as prostitutes, managers or
cooks, were Korean nationals who had entered the country on
tourist visas.  Many of these women continued to remain in the
United States and work at the brothels after their visas had
expired.

3.   At the center of the brothel network was a group
of Korean middlemen based in Queens, New York, who, among other
things: (i) arranged for prostitutes and other workers to be
placed at brothels within the network; (ii) transported the
brothel workers to brothels in and between different states; and
(iii) picked up women at local airports upon their arrival from

Korea and transported them either to brothels or resting houses where the women would live for short periods of time before being transported to brothels.

4.   Brothel owners and managers regularly contacted the middlemen to request prostitutes and other workers.  The brothel owners and managers frequently sought women with certain physical attributes, such as being younger or taller or having large breasts.  Some owners or managers wanted only women with legal immigration status; others knowingly employed illegal aliens.  At the same time, workers contacted the middlemen to find employment and to determine which brothels would best suit them in terms of income, customers, visa or passport requirements, and appearance.  Prostitutes could make as much as $15,000 to $20,000 per month at the larger brothels.  The owners of the larger brothels could make as much as $4,000 per day.

5.   The middlemen maintained a large network of information as they were in constant communication with numerous brothel owners and workers in various states.  The middlemen made money primarily by transporting workers to the brothels for a "taxi fee," which typically ranged from $100 to $550.

B.   The Unlicensed Money Transmitting Businesses

6.   The term "unlicensed money transmitting business" was defined in Title 18, United States Code, Section 1960(b)(1)(A) to include any money transmitting business that affected interstate or foreign commerce in any manner or degree and that was operated without an appropriate money transmitting license in a State where such operation was punishable as a misdemeanor or a felony under State law, regardless of whether the operator knew that the operation was required to be licensed or that the operation was so punishable.

7.   The term "money transmitting" was defined in Title 18, United States Code, Section 1960(b)(2) to include transferring funds on behalf of the public by any and all means including but not limited to transfers within the country or to locations abroad by wire, check, draft, facsimile, or courier.

8.   Pursuant to New York State Banking Law Section 650(2)(a), the operation of an unlicensed money transmitting business was punishable as a misdemeanor; pursuant to New York State Banking Law Section 650(2)(b)(1), the operation of an unlicensed money transmitting business was punishable as a felony if the business received $10,000 or more for transmission in a single transaction, $25,000 or more for transmission in a period

of thirty days or less, or $250,000 or more for transmission in a period of a year or less.

9.  The defendants BYOUNG IL SON and his wife, MIAE SON, operated an unlicensed money transmitting business, which transmitted large sums of money from the United States to Korea for a fee.

10.  The defendants TAE HOON KIM, also known as "Tae Won," and his wife, JIN SOOK KIM LEE, assisted BYOUNG IL SON and MAIE SON in the operation of their unlicensed money transmitting business by, among other things, soliciting brothel owners and prostitutes as money transmitting customers, and collecting and delivering brothel owners' and prostitutes' money to the SONs for transmission overseas.  TAE HOON KIM, also known as "Tae Won," and JIN SOOK KIM LEE typically received a fee of at least $50 from the brothel owners or prostitutes for delivering the monies to the SONs.

11.  In or about May 2006, JONG TAE PARK arranged for TAE HOON KIM, also known as "Tae Won," to begin working with a second unlicensed Korean money transmitter (the "Money Transmitter").  In exchange for bringing customers and delivering money to the Money Transmitter, TAE HOON KIM was promised a portion of the transmitting fee paid by the customer.

<u>COUNT ONE</u>                                                6
(Mann Act Conspiracy)

12.    Paragraphs 1 through 11 are realleged and
incorporated as if fully set forth in this paragraph.

13.    In or about and between February 2006 and August
2006, both dates being approximate and inclusive, within the
Eastern District of New York and elsewhere, the defendants TAE
HOON KIM, also known as "Tae Won," SUNG CHUL IL, also known as
"Sung Chul Lim" and "Cheol-i," SUNG HO LEE, TAEHO CHOI, BYUNG
CHUL SHIN, DO HYUP BAE, and KYONG POLACHEK, also known as "Ji-
Yeon Kim," "Jennifer" and "Hana," together with others, did
knowingly and willfully conspire to transport individuals in
interstate and foreign commerce with intent that such individuals
engage in prostitution, in violation of Title 18, United States
Code, Section 2421.

14.    In furtherance of the conspiracy and to effect
its objectives, within the Eastern District of New York and
elsewhere, the defendants TAE HOON KIM, SUNG CHUL IL, SUNG HO
LEE, TAEHO CHOI, DO HYUP BAE, BYUNG CHUL SHIN, and KYONG
POLACHEK, together with others, committed and caused the
commission of, among others, the following:

## OVERT ACTS

a.    On or about February 18, 2006, the defendant SUNG HO LEE transported a prostitute to the "Magic" brothel in Connecticut.

b.    On or about February 23, 2006, the defendant TAE HOON KIM arranged for a woman, who was flying from Los Angeles, California to Washington, D.C. that day, to work at the "Dupont" brothel in Washington, D.C.

c.    On or about March 6, 2006, the defendant TAE HOON KIM told the defendant BYUNG CHUL SHIN to pick up a female from an airport in the New York City metropolitan area and take her to the "Downtown" brothel.

d.    On or about March 31, 2006, the defendant TAE HOON KIM instructed the defendant SUNG HO LEE to charge brothel workers $1,000 to $1,300 for transporting them to South Carolina.

e.    On or about April 13, 2006, the defendant SUNG CHUL IL transported a prostitute to a brothel in Connecticut.

f.    On or about April 14, 2006, the defendant TAE HOON KIM directed the defendant SUNG HO LEE to transport a prostitute from a motel in Flushing, New York to the "Liberty" brothel in Connecticut.

g.    On or about May 9, 2006, the defendant TAEHO CHOI transported a prostitute to the "Nirvana" brothel in Connecticut.

8

h.   On or about May 11, 2006, the defendants TAE HOON KIM and DO HYUP BAE agreed that they would raise their taxi fee by $50.

i.   On or about May 12, 2006, the defendant KYONG POLACHEK asked the defendant TAE HOON KIM to find a prostitute for her recently opened brothel in Flushing, New York.

(Title 18, United States Code, Sections 371 and 3551 et seq.)

<u>COUNT TWO</u>
(Mann Act Violation - TAE HOON KIM)

15.   Paragraphs 1 through 11 are realleged and incorporated as if fully set forth in this paragraph.

16.   In or about and between February 2006 and August 2006, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendant TAE HOON KIM, also known as "Tae Won," together with others, did knowingly and intentionally transport individuals in interstate and foreign commerce with intent that such individuals engage in prostitution.

(Title 18, United States Code, Sections 2421 and 3551 et seq.)

COUNT THREE
(Mann Act Violation - SUNG CHUL IL)

17.   Paragraphs 1 through 11 are realleged and incorporated as if fully set forth in this paragraph.

18.   In or about and between February 2006 and August 2006, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendant SUNG CHUL IL, also known as "Sung Chul Lim" and "Cheol-i," together with others, did knowingly and intentionally transport individuals in interstate and foreign commerce with intent that such individuals engage in prostitution.

(Title 18, United States Code, Sections 2421 and 3551 et seq.)

COUNT FOUR
(Mann Act Violation - SUNG HO LEE)

19.   Paragraphs 1 through 11 are realleged and incorporated as if fully set forth in this paragraph.

20.   In or about and between February 2006 and August 2006, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendant SUNG HO LEE, together with others, did knowingly and intentionally

10

transport individuals in interstate and foreign commerce with
intent that such individuals engage in prostitution.

(Title 18, United States Code, Sections 2421 and 3551
et seq.)

## COUNT FIVE
(Mann Act Violation - TAEHO CHOI)

21.   Paragraphs 1 through 11 are realleged and
incorporated as if fully set forth in this paragraph.

22.   In or about and between February 2006 and August
2006, both dates being approximate and inclusive, within the
Eastern District of New York and elsewhere, the defendant TAEHO
CHOI, together with others, did knowingly and intentionally
transport individuals in interstate and foreign commerce with
intent that such individuals engage in prostitution.

(Title 18, United States Code, Sections 2421 and 3551
et seq.)

## COUNT SIX
(Mann Act Violation - BYUNG CHUL SHIN)

23.   Paragraphs 1 through 11 are realleged and
incorporated as if fully set forth in this paragraph.

24.   In or about and between February 2006 and August
2006, both dates being approximate and inclusive, within the
Eastern District of New York and elsewhere, the defendant BYUNG
CHUL SHIN, together with others, did knowingly and intentionally

11

transport individuals in interstate and foreign commerce with intent that such individuals engage in prostitution.

(Title 18, United States Code, Sections 2421 and 3551 et seq.)

## COUNT SEVEN
(Mann Act Violation - DO HYUP BAE)

25.   Paragraphs 1 through 11 are realleged and incorporated as if fully set forth in this paragraph.

26.   In or about and between February 2006 and August 2006, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendant DO HYUP BAE, together with others, did knowingly and intentionally transport individuals in interstate and foreign commerce with intent that such individuals engage in prostitution.

(Title 18, United States Code, Sections 2421 and 3551 et seq.)

## COUNT EIGHT
(Attempted Sex Trafficking - DO HYUP BAE)

27.   Paragraphs 1 through 11 are realleged and incorporated as if fully set forth in this paragraph.

28.   In or about June 2006, within the Eastern District of New York and elsewhere, the defendant DO HYUP BAE did knowingly and intentionally, in and affecting interstate and foreign commerce, attempt to recruit, entice, harbor, transport,

12

provide and obtain by any means a person, knowing that the person had not attained the age of 18 years and would be caused to engage in a commercial sex act in furtherance of such violation of law, in violation of Title 18, United States Code, Section 1591(a)(1).

(Title 18, United States Code, Sections 1594(a), 1591(b)(2) and 3551 <u>et</u> <u>seq.</u>)

## COUNT NINE
(Conspiracy to Transport Aliens)

29.   Paragraphs 1 through 11 are realleged and incorporated as if fully set forth in this paragraph.

30.   In or about and between February 2006 and August 2006, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants TAE HOON KIM, also known as "Tae Won," SUNG CHUL IL, also known as "Sung Chul Lim" and "Cheol-i," SUNG HO LEE, TAEHO CHOI, BYUNG CHUL SHIN, DO HYUP BAE and KYONG POLACHEK, also known as "Ji-Yeon Kim," "Jennifer" and "Hana," together with others, knowing and in reckless disregard of the fact that aliens had come to, entered and remained in the United States in violation of law, did knowingly and willfully conspire to transport and move such aliens within the United States by means of transportation or otherwise in furtherance of such violation of law, in violation of Title 8, United States Code, Section 1324(a)(1)(A)(ii).

31.   In furtherance of the conspiracy and to effect

13

its objectives, within the Eastern District of New York and elsewhere, the defendants TAE HOON KIM, SUNG CHUL IL, SUNG HO LEE, TAEHO CHOI, BYUNG CHUL SHIN, DO HYUP BAE, and KYONG POLACHEK, together with others, committed and caused the commission of, among others, the following:

OVERT ACTS

a.   On or about February 23, 2006, the defendant TAE HOON KIM arranged for the defendant SUNG CHUL IL to drive a Korean woman, who was flying from Los Angeles, California to Washington, D.C., to a brothel in Washington, D.C.

b.   On or about April 14, 2006, the defendant TAE HOON KIM directed the defendant SUNG HO LEE to transport a Korean prostitute from a motel in Flushing, New York to the "Liberty" brothel in Connecticut.

c.   On or about April 23, 2006, the defendant BYUNG CHUL SHIN transported a Korean prostitute from the "Liberty" brothel in Connecticut for $100.00.

d.   On or about May 9, 2006, the defendant TAEHO CHOI transported a Korean prostitute to the "Nirvana" brothel in Connecticut.

e.   On or about May 14, 2006, the defendant TAE HOON KIM advised a prostitute to keep her illegal entry into the

14

United States secret from co-workers and the brothel owner at the

"VIP" brothel in Washington, D.C.

(Title 18, United States Code, Sections 371 and

3551 et seq.)

COUNT TEN
(Conspiracy To Employ Aliens For the
Purpose Of Prostitution - TAE HOON KIM and KYONG POLACHEK)

32.   Paragraphs 1 through 11 are realleged and

incorporated as if fully set forth in this paragraph.

33.   In or about and between February 2006 and August

2006, both dates being approximate and inclusive, within the

Eastern District of New York and elsewhere, the defendants TAE

HOON KIM, also known as "Tae Won," and KYONG POLACHEK, also known

as "Ji-Yeon Kim," "Jennifer" and "Hana," together with others,

did knowingly and willfully conspire to keep, maintain, control,

support, employ, and harbor aliens in a house or other place for

the purpose of prostitution, in pursuance of illegal importation

of such aliens, in violation of Title 8, United States Code,

Section 1328.

34.   In furtherance of the conspiracy and to effect its

objectives, the defendants TAE HOON KIM and KYONG POLACHEK,

together with others, committed and caused the commission of,

among others, the following:

<u>OVERT ACTS</u>                                    15

a.   On or about March 4, 2006, the defendant KYONG POLACHEK asked the defendant TAE HOON KIM to find a prostitute for her brothel in Flushing, New York.

b.   On or about April 10, 2006, the defendant KYONG POLACHEK requested that the defendant TAE HOON KIM find a prostitute for a brothel in Connecticut.

c.   On or about April 25, 2006, the defendant KYONG POLACHEK asked the defendant TAE HOON KIM whether any women were available for her brothel.

d.   On or about May 12, 2006, the defendant KYONG POLACHEK requested that the defendant TAE HOON KIM find a prostitute for her brothel.

(Title 18, United States Code, Sections 371 and 3551 <u>et seq</u>.)

<u>COUNT ELEVEN</u>
(Encouraging an Alien to Reside in the
United States - KYONG POLACHEK)

35.   Paragraphs 1 through 11 are realleged and incorporated as if fully set forth in this paragraph.

36.   In or about and between February 2006 and August 2006, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendant KYONG POLACHECK, also known as "Ji-Yeon Kim," "Jennifer" and "Hana,"

together with others, knowingly and intentionally encouraged and induced an alien to come to, enter and reside in the United States, knowing and in reckless disregard of the fact that such coming to, entry and residence was and would be in violation of law.

(Title 8, United States Code, Sections 1324(a)(1)(A)(iv) and 1324(a)(1)(B)(ii); Title 18, United States Code, Sections 2 and 3551 et seq.)

### COUNT TWELVE
(Unlicensed Money Transmitting Conspiracy - TAE HOON KIM,
BYOUNG IL SON, MIAE SON and JIN SOOK KIM LEE)

37.   Paragraphs 1 through 11 are realleged and incorporated as if fully set forth in this paragraph.

38.   In or about and between February 2006 and August 2006, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants TAE HOON KIM, also known as "Tae Won," BYOUNG IL SON, MIAE SON and JIN SOOK KIM LEE, together with others, did knowingly and willfully conspire to conduct, control, manage, supervise, direct and own all and part of an unlicensed money transmitting business, which affected interstate and foreign commerce, in violation of Title 18, United States Code, Section 1960(a).

39.   In furtherance of the conspiracy and to effect its objectives, within the Eastern District of New York and

17

elsewhere, the defendants TAE HOON KIM, BYOUNG IL SON, MIAE SON and JIN SOOK KIM LEE, together with others, committed and caused the commission of, among others, the following:

<u>OVERT ACTS</u>

a.   On or about February 26, 2006, the defendant BYOUNG IL SON advised the defendant TAE HOON KIM that he had started an unlicensed money transmitting business.

b.   On or about April 21, 2006, the defendant BYOUNG IL SON instructed the defendant TAE HOON KIM to deliver money to SON's wife, the defendant MIAE SON, at a boutique next to the Korean restaurant "Northern Northern."

c.   On or about May 1, 2006, the defendant TAE HOON KIM instructed the defendant JIN SOOK KIM LEE to deliver money to the defendant BYOUNG IL SON for transmission to Korea.

d.   On or about May 1, 2006, the defendant JIN SOOK KIM delivered money to the defendant MIAE SON in Flushing, New York for transmission to Korea by the defendant BYOUNG IL SON.

e.   On or about May 3, 2006, the defendant TAE HOON KIM, on behalf of a Korean prostitute, facilitated the transmission of approximately $9,000 from the United States to Korea.

(Title 18, United States Code, Sections 371 and 3551 <u>et seq</u>.)

COUNT THIRTEEN
(Unlicensed Money Transmitting - TAE HOON KIM,
BYOUNG IL SON, MIAE SON and JIN SOOK KIM LEE)

40.   Paragraphs 1 through 11 are realleged and incorporated as if fully set forth in this paragraph.

41.   In or about and between February 2006 and August 2006, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants TAE HOON KIM, also known as "Tae Won," BYOUNG IL SON, MIAE SON and JIN SOOK KIM LEE, together with others, did knowingly and intentionally conduct, control, manage, supervise, direct and own all and part of an unlicensed money transmitting business, which affected interstate and foreign commerce.

(Title 18, United States Code, Sections 1960(a), 2 and 3551 et seq.)

COUNT FOURTEEN
(Unlicensed Money Transmitting Conspiracy -
TAE HOON KIM and JONG TAE PARK)

42.   Paragraphs 1 through 11 are realleged and incorporated as if fully set forth in this paragraph.

43.   In or about and between May 2006 and August 2006, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants TAE HOON KIM, also known as "Tae Won," and JONG TAE PARK, together with others, did knowingly and willfully conspire to conduct, control, manage,

supervise, direct and own all and part of an unlicensed money transmitting business, which affected interstate and foreign commerce, in violation of Title 18, United States Code, Section 1960(a).

44.   In furtherance of the conspiracy and to effect its objectives, within the Eastern District of New York and elsewhere, the defendants TAE HOON KIM and JONG TAE PARK, together with others, committed and caused the commission of, among others, the following:

<u>OVERT ACTS</u>

a.   On or about May 12, 2006, the defendant JONG TAE PARK solicited the defendant TAE HOON KIM to work for an unlicensed Korean money transmitter (the "Money Transmitter").

b.   The defendant TAE HOON KIM told the defendant JONG TAE PARK that he (KIM) would use the Money Transmitter for amounts over $5,000.

c.   On or about May 12, 2006, the Money Transmitter and the defendant TAE HOON KIM discussed the operation of the Money Transmitter's business, including the method of transfer, minimum transfer amount, fees and handling of money recipients outside of Seoul, Korea.

(Title 18, United States Code, Sections 371 and 3551 <u>et seq</u>.)

CRIMINAL FORFEITURE ALLEGATION AS TO COUNTS ONE THROUGH SEVEN

45. The United States hereby gives notice to the defendants TAE HOON KIM, also known as "Tae Won," SUNG CHUL IL, also known as "Sung Chul Lim" and "Cheol-i," SUNG HO LEE, TAEHO CHOI, BYUNG CHUL SHIN, DO HYUP BAE, and KYONG POLACHEK, also known as "Ji-Yeon Kim," "Jennifer" and "Hana" charged in Counts One through Seven that, upon their conviction of any such offenses, the government will seek forfeiture in accordance with Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), of any property constituting or derived from proceeds obtained directly or indirectly as a result of such offenses.

46. If any of the above-described forfeitable property, as a result of any act or omission of the defendants:

a. cannot be located upon the exercise of due diligence;

b. has been transferred or sold to, or deposited with, a third party;

c. has been placed beyond the jurisdiction of the court;

d. has been substantially diminished in value; or

e. has been commingled with other property that cannot be divided without difficulty;

21

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c), to seek forfeiture of any other property of such defendants up to the value of the forfeitable property described in this forfeiture allegation.

(Title 28, United States Code, Section 2461(c); Title 18, United States Code, Section 981(a)(1)(C); Title 21, United States Code, Section 853(p))

### CRIMINAL FORFEITURE ALLEGATION AS TO COUNT EIGHT

47.   The United States hereby gives notice to the defendant DO HYUP BAE charged in Count Eight that, upon the defendant's conviction of such offense, the government will seek forfeiture in accordance with Title 18, United States Code, Section 1594, of the defendant's interest in (1) any property, real or personal, that was used or intended to be used to commit or facilitate the commission of such violation; and (2) any property, real or personal, constituting or derived from, any proceeds that the defendant obtained, directly or indirectly, as a result of such violation, and all property traceable to such property, as a result of such offense.

48.   If any of the above-described forfeitable property, as a result of any act or omission of the defendant:

a.   cannot be located upon the exercise of due diligence;

b.   has been transferred or sold to, or deposited with, a third party;

c. has been placed beyond the jurisdiction of the court;

d.   has been substantially diminished in value; or

e.   has been commingled with other property that cannot be divided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the defendant up to the value of the forfeitable property described in this forfeiture allegation.

(Title 18, United States Code, Section 1594; Title 21, United States Code, Section 853(p))

## FORFEITURE ALLEGATION AS TO COUNTS NINE AND TEN

49.   The United States hereby gives notice to the defendants TAE HOON KIM, also known as "Tae Won," SUNG CHUL IL, also known as "Sung Chul Lim" and "Cheol-i," SUNG HO LEE, TAEHO CHOI, BYUNG CHUL SHIN, DO HYUP BAE, and KYONG POLACHEK, also known as "Ji-Yeon Kim," "Jennifer" and "Hana" charged in Counts

Nine and Ten that, upon their conviction of any such offenses, the government will seek forfeiture in accordance with Title 18, United States Code, Section 982(a)(6), of any conveyance, including any vessel, vehicle, or aircraft used in the commission of the offenses of which the defendants are convicted, and any property real or personal (i) that constitutes, or is derived from or is traceable to the proceeds obtained directly or indirectly from the commission of the offenses of which the defendants are convicted; or (ii) that is used to facilitate, or is intended to facilitate, the commission of the offenses of which the defendants are convicted.

50. If any of the above-described forfeitable property, as a result of any act or omission of the defendants:

a. cannot be located upon the exercise of due diligence;

b. has been transferred or sold to, or deposited with, a third party;

c. has been placed beyond the jurisdiction of the court;

d. has been substantially diminished in value; or

e. has been commingled with other property that cannot be divided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 18, United States Code, Section 982(b), to seek forfeiture of any other property of such defendants up to the value of the forfeitable property described in this forfeiture allegation.

(Title 18, United States Code, Section 982(a)(6) and 982(b); Title 21, United States Code, Section 853(p))

### FORFEITURE ALLEGATION AS TO COUNT ELEVEN

51.   The United States hereby gives notice to the defendant KYONG POLACHEK charged in Count Eleven that, upon the defendant's conviction of such offense, the government will seek forfeiture in accordance with Title 8, United States Code, Section 1324(b), of the defendant's interest in (1) any conveyance, including any vessel, vehicle, or aircraft, that was used in the commission of such violation; (2) the gross proceeds of such violation; and (3) any property traceable to such conveyance or proceeds.

52.   If any of the above-described forfeitable property, as a result of any act or omission of the defendant:

a.   cannot be located upon the exercise of due diligence;

b.   has been transferred or sold to, or deposited with, a third party;

c.  has been placed beyond the jurisdiction of the court;

d.  has been substantially diminished in value; or

e.  has been commingled with other property that cannot be divided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c), to seek forfeiture of any other property of the defendant up to the value of the forfeitable property described in this forfeiture allegation.

(Title 8, United States Code, Section 1324(b))

<u>FORFEITURE ALLEGATION AS TO COUNT THIRTEEN</u>

53.  The United States hereby gives notice to the defendants TAE HOON KIM, also known as "Tae Won," BYOUNG IL SON, MIAE SON, and JIN SOOK KIM LEE charged in Count Thirteen that, upon their conviction of such offense, the government will seek forfeiture in accordance with Title 18, United States Code, Section 982(a)(1), of any property, real or personal, involved in such offense, or any property traceable to such property.

54.  If any of the above-described forfeitable property, as a result of any act or omission of the defendants:

a.  cannot be located upon the exercise of due diligence;

26

b.   has been transferred or sold to, or deposited with, a third party;

c.   has been placed beyond the jurisdiction of the court;

d.   has been substantially diminished in value; or

e.   has been commingled with other property that cannot be divided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 18, United States Code, Section 982(b), to seek forfeiture of any other property of such defendants up to the value of the forfeitable property described in this forfeiture allegation.

(Title 18, United States Code, Section 982(a)(1) and 982(b); Title 21, United States Code, Section 853(p))

A TRUE BILL

_____
                    FOREPERSON

_____
ROSLYNN R. MAUSKOPF
UNITED STATES ATTORNEY
EASTERN DISTRICT OF NEW YORK

FORM USD-34
JUN. 85

No. _____

# UNITED STATES DISTRICT COURT

__EASTERN__   District of __NEW YORK__

__CRIMINAL__   _____ Division

## THE UNITED STATES OF AMERICA

_vs._

Tae Hon Kim, et al.

_____
Defendant.

## INDICTMENT

§ USC 1724(c)(c)(A) & 1324(c)(c)(B)(ii)(L)
18 USC 371, 981(a)(c)(C), 982(a)(c), (c)(b)(1)
982(b), 1591(a)(c), 1594(a) & (b), 1960(c)(c)
2421, 2423(a), 21 USC 853(c), 28 USC 2461(c)

_A true bill._

_____
Foreman

Filed in open court this _____ day.

of _____ A.D. 19 _____

_____
Clerk

Bail, $ _____

NEW YORK FEDERAL COURT

**INFORMATION SHEET**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N

★ OCT 3 0 2006 ★

BROOKLYN OFFICE

1.  Title of Case:    United States v. Tae Hoon Kim, et al.

2.  Related Magistrate Docket Number(s)  M-06-862

    None ()

3.  Arrest Date:   October 12, 2006

4.  Nature of offense(s):   ☒   Felony
                            ☐   Misdemeanor

5.  Related Cases - Title and Docket No(s).  (Pursuant to Rule 50.3 of the
    Local E.D.N.Y. Division of Business Rules):

6.  Projected Length of Trial:   Less than 6 weeks   ( X )
                                 More than 6 weeks   (   )

7.  County in which the cause of action arose:   QUEENS COUNTY
    (Pursuant to Rule 50.1(d) of the Local EDNY Division of Business Rules)

8.  Has this indictment/information been ordered sealed?        ( ) Yes  (X) No

9.  Have arrest warrants been ordered?                          ( ) Yes  (X) No

ROSLYNN R. MAUSKOPF
UNITED STATES ATTORNEY

By:   Pamela Chen
      Assistant U.S. Attorney

      Solette Magnelli
      Trial Attorney, Civil Rights Division
      (718) 254-6249

Rev. May 29, 1996

Calendar Minutes
On GRAND JURY PRESENTMENT

BEFORE MAGISTRATE_____         DATE__10/30/06__

1. The Grand Jury of_____6/13/06_____ handed up

_____1_____indictment(s) which were ordered filed by the court.
            (number)

2. _____1_____indictment(s) were ordered sealed by the court.

3. _____—_____arrest warrant(s) were ordered by the court.

The grand jury there upon

_____✓_____ returned for further deliberations
_____was dismissed with the thanks of the court

Date: _10/30/06_

United States Magistrate_____

<u>Questions to be asked at grand jury presentments:</u>

(1) What is the name of the grand jury in session? _____6/3/06_____

(2) How many indictments are being handed up?_____1_____

(3) Indictments to be sealed?  Yes_____        No____✓____

(4) Any warrants to be issued?_____0____

If so, list names unless sealed.

_____          _____

_____          _____

_____          _____

5) Is the grand jury retiring for further deliberations or have they completed
   their business?

        Continuing_____✓_____

        Completed_____